**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA COX,<br><br>        Plaintiff,<br><br>    v.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>        Defendant. | CV-13-01765 RSWL (JEMx)<br><br>**ORDER re: Defendant's Motion for Summary Judgment** [86] |

Currently before the Court is Defendant Princess Cruise Lines, Ltd.'s ("Defendant" or "Princess") Motion for Summary Judgment, or in the alternative for Partial Summary Judgment, or in the alternative for an Order Treating Specified Facts as Established [86] ("Motion"). Defendant's Motion [86] arises out of Plaintiff Debra Cox's ("Plaintiff" or "Cox") action against Princess for claims of negligence and strict

1

liability in tort for an injury Plaintiff suffered while traversing over a handicap accessible ramp provided by Defendant on a cruise ship owned and operated by Defendant. First Amend. Compl. ("FAC") ¶¶ 8-26, ECF No. 32.

The Court, having reviewed all papers submitted and pertaining to Defendant's Motion [86], **NOW FINDS AND RULES AS FOLLOWS:** The Court **GRANTS in part and DENIES in part** Defendant's Motion for Summary Judgment [86].

## I. BACKGROUND

**A. Factual Background**[1]

Plaintiff alleges that on October 24, 2012, Plaintiff embarked on a fourteen-day round-trip cruise from Los Angeles, California, to Hawaii aboard the *Golden Princess*, a cruise ship owned and operated by Defendant. FAC ¶ 8. Plaintiff has a disability consisting of a below-the-right-knee leg amputation, and she relies on a mobility scooter for transportation. Id. ¶ 9. Prior to embarking on the cruise, Plaintiff advised Defendant of her disability and of her need for a handicap accessible room. Id. Defendant Princess accommodated Plaintiff by placing her in a handicap, wheelchair accessible cabin with a balcony. Id. To allow disabled passengers to access the balcony from the cabin, Defendant supplied a ramp that enables wheelchairs and mobility scooters to go

---

[1] These facts are supplied merely for context and are not "findings of facts."

2

over the cabin door threshold and outside to the balcony. Id. ¶ 8. The ramp consists of two metal wedges that are not attached to each other or anything else, but that merely sit on either side of a sliding-door threshold between the cabin room and an outdoor balcony. See Def.'s Mot. 4:12-17; Poczynock Decl. ¶ 9; FAC ¶¶ 18-19. A metal flap attached to one side of the ramp must be flipped over to rest across the gap between the two wedge pieces before a wheelchair or scooter traverses the ramp. See Tabale Decl. 23-43; Cuaresma Decl. 20-34. One wedge is placed inside the cabin, on carpeted flooring, while the other wedge is placed on the outdoor deck, which has hard plastic flooring. See Poczynock Decl. ¶¶ 12, 16.

Plaintiff alleges that two days into her cruise, on October 26, 2012, Plaintiff used the ramp to go out onto the cabin balcony. Id. ¶ 10. On her way back into the cabin, Plaintiff alleges that the ramp pulled apart, which caused Plaintiff's mobility scooter to tip over, resulting in a displaced intertrochanteric fracture of Plaintiff's right femur. Id. Upon these and other facts, Plaintiff alleges claims of negligence and strict liability against Defendant. Id. ¶¶ 7-26.

**B.  Procedural Background**

Plaintiff and her husband, Ted Cox, filed the instant Action against Defendant Princess on March 12, 2013 alleging several claims [1], some of which have subsequently been dismissed [22]. On October 30, 2013,

the Court granted [31] Plaintiffs' request for leave to file a first amended complaint. Plaintiffs' FAC [32], filed November 5, 2013, alleged Negligence and Strict Liability in Tort against Defendant Princess and then-Defendant Fincantieri-Cantieri Navali Italiana S.p.A., the Italian company that built the *Golden Princess*, including the ramp at issue in this case. Defendant Fincantieri filed a Motion to Dismiss for lack of personal jurisdiction [44] on April 7, 2014, which the Court granted [52] on May 30, 2014.

On June 15, 2015, Defendant filed the present Motion for Summary Judgment [86] as to both claims asserted against it by Plaintiff. The Opposition [99] and Reply [101] were timely filed. The Motion [86] was set for hearing on August 13, 2015, and was taken under submissions [100] on August 6, 2015.

## II. LEGAL STANDARD

A "court shall grant summary judgment" when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of proof to show no genuine dispute as to any material fact. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000); see Fed. R. Civ. P. 56(a). The burden then shifts to the non-moving party to produce admissible evidence showing a triable issue of fact. Fritz, 210 F.3d at 1102-03; see

Fed. R. Civ. P. 56(a).  When a defendant moves for summary judgment, summary judgment "is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial."  Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805–06 (1999).

### III. DISCUSSION

**A.  Request for Judicial Notice**

Plaintiff requests that the Court take judicial notice of a print-out of a page on Princess's website that advertises the "Princess AcessSM" program.  Pl.'s Requ. Judicial Not. 1, Ex. A, ECF No. 99-20.  Plaintiff's request is **DENIED AS MOOT** because the fact and content of the print-out are not relevant to the Court's determination of the present Motion for Summary Judgment.  Fed. R. Evid. 201(b); see Story, No. 2:14-cv-02422-JAM-DAD, 2015 WL 2339437, at *1 (E.D. Cal. May 13, 2015) (denying a request for judicial notice when the material underlying the request was found not relevant to the issues presented by the motion).

**B.  Evidentiary Objections**

Both Plaintiff and Defendant make evidentiary objections.  Pl.'s Evid. Objs., ECF No. 99-19; Pl.'s Evid. Objs., ECF No. 103; Def.'s Evid. Objs., ECF No. 102.  Because the Court only relies on admissible

evidence to determine a motion for summary judgment,[2] to the extent the parties object to evidence relied upon by the Court, the objections are **OVERRULED**.[3]

**C.   Motion for Summary Judgment**

Plaintiff's claims are governed by federal maritime law.  See Order re: Defendant's Motion to Dismiss

---

[2] Regarding Defendant's objections to the Rule 26 Reports on hearsay grounds, the Court need not rely on the reports themselves to determine the present Motion, and thus the objections are **OVERRULED AS MOOT**, but, nevertheless, see Fed. Rs. Evid. 702-705; Fed. R. Civ. P. 56(c)(4); 28 U.S.C. § 1746; HTI Holdings, Inc. v. Hartford Cas. Ins. Co., No. 10-cv-06021-TC, 2011 WL 4595799, at *3 (D. Or. Aug. 24, 2011) (in the context of summary judgment, overruling a hearsay objection to an expert report because "under Fed. R. Evid. 703, hearsay is admissible as a type of fact or data reasonably relied upon by an expert"); Reynolds v. Ala. Dep't of Transp., No. 2:85cv665-MHT(WO), 2013 WL 6230491, at *9 n.8 (M.D. Ala. Dec. 2, 2013) (implying that an expert report could be considered at summary judgment if the expert provided affidavit attesting to his conclusions in the report); see also Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 92 (1st Cir. 1993) ("[N]onmovants may rely on the affidavits of experts in order to defeat a motion for summary judgment."); Smith v. Prudential Ins. CO. of Am., 864 F. Supp. 2d 654, 659 (M.D. Tenn. 2012) (stating that *unsworn* expert reports may not be considered at the summary judgment stage, but that expert testimony may be considered in summary judgment proceedings "through an affidavit or declaration that satisfies the general requirements . . . in Fed. R. Civ. P. 56(c)(4)).

[3] See, e.g., Caldwell v. City of Selma, No. 1:13-cv-00465-SAB, 2015 WL 1897806, at *2 n.2 (E.D. Cal. Apr. 16, 2015) (overruling evidentiary objections in a summary judgment context because the Court "relied only on admissible evidence" and stating that "[i]t is not the practice of the Court to rule on evidentiary matters individually in the context of summary judgment, unless otherwise noted," which "is particularly true when the evidentiary objections consist of general objections such as relevance"); Capital Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (stating that the Court would not "scrutinize each objection and give a full analysis of each argument raised," and that "[t]o the extent that the Court relied on objected-to evidence, it relied only on admissible evidence and, therefore, the objections are overruled").

Portions of Plaintiff's Complaint 5:1-6:6 (June 25, 2013), ECF No. 22 (holding that federal maritime law applies to Plaintiff's claims in this action).

    1. <u>Negligence Claim</u>

The elements of a negligence cause of action in an admiralty case are: 1) the existence of a duty of care owed by the defendant to the plaintiff; 2) breach of that duty of care; 3) a causal connection between the offending conduct and the resulting injury ("proximate cause"); and 4) actual loss, injury, or damage suffered by the plaintiff. <u>Ravins v. Alvarez</u>, Nos. CV 01-4003 NM (MANx), CV 03-5793 NM, 2004 WL 5642455, at *8 (C.D. Cal. July 29, 2004) (citing <u>Pearce v. United States</u>, 261 F.3d 643, 647-48 (6th Cir. 2001)); <u>see also</u> <u>Cape Flattery Ltd. v. Titan Maritime LLC</u>, 607 F. Supp. 2d 1179, 1189 (D. Haw. 2009).

      a. *Duty*

"The question of the existence of a duty is a matter of law . . . ." <u>Sutton v. Earles</u>, 26 F.3d 903, 912 n.8 (9th Cir. 1994). "[A] a shipowner owes a duty of reasonable care to those aboard the ship who are not crew members." <u>In re Catalina Cruises, Inc.</u>, 137 F.3d 1422, 1425 (9th Cir. 1998). Because Plaintiff was a non-crewmember aboard Defendant's ship, Defendant owed Plaintiff at least "a duty of reasonable care." <u>In re Catalina Cruises, Inc.</u>, 137 F.3d at 1425.

      b. *Breach*

"The degree of care required is always that which

is reasonable, but the application of reasonable will of course change with the circumstances of each particular case." In re Catalina Cruises, Inc., 137 F.3d at 1425. "'What is required ... is merely the conduct of the reasonable man of ordinary prudence under the circumstances, and the greater danger, or the greater responsibility, is merely one of the circumstances, demanding only an increased amount of care. In some instances, reasonable care under the circumstances may be a very high degree of care; in other instances, it may be something less.'" Id. In other words, the greater the foreseeable risk, the greater the care and precaution required for a finding of reasonable care.[4] Id.

    Plaintiff argues various theories of breach. One theory is that Defendant breached its duty of care to Plaintiff by supplying Plaintiff with an obviously unsafe ramp because the ramp consisted of two wedges that did not connect to each other or anything else,

---

[4] See, e.g., Jaffess v. Home Lines, Inc., 1988 WL 42049, at *3 (S.D.N.Y. Apr. 22, 1988) ("'The extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and involve more danger to the passenger, will determine how high a degree of care is reasonable in each case.'"). Plaintiff's admissible evidence establishes a triable issue of fact as to whether Defendant was subject to a higher degree of care due to the greater risk and danger of the location (a ship at sea), Plaintiff's characteristics (a handicapped individual), the chattel at issue (a ramp upon which a handicapped individual will traverse), and the location of the chattel at issue (extending from an outside balcony exposed to outdoor conditions into a cruise ship cabin). See In re Catalina Cruises, Inc., 137 F.3d at 1425.

and one side of the ramp was placed on a surface without sufficient friction to hold that section of the ramp in place when used for its intended purpose. See Poczynok Decl. ¶ 9, 12, 15-16.; Debra Cox Decl. 72-76. Plaintiff argues that because Defendant supplied and installed the ramp, Defendant was on notice of the ramp's unsafe condition.

Plaintiff's admissible evidence is sufficient to create a genuine issue of material fact as to whether Defendant's act of supplying Plaintiff with the unconnected ramp pieces and placing one of those ramp pieces on a hard plastic outdoor deck created a dangerous condition, or an unreasonable risk, that Defendant failed to take appropriate measures to mitigate. See, e.g., Dupuis v. Marriot Corp., No. 3:12-CV-00580-AC, 2014 WL 199096, at *8-*9 (D. Or. Jan. 15, 2014) (finding that when the parties disputed whether a revolving door posed an unreasonable risk to those passing through the door, and whether the defendant took appropriate measures to address that risk, that summary judgment on that issue was not appropriate because "whether a risk was foreseeable and whether the defendant's conduct was reasonable are empirical questions that should only be decided by the court in extreme cases" (internal quotation marks omitted)).

With regard to notice,[5] Plaintiff's admissible evidence is sufficient to create a genuine issue of material fact as to whether Defendant had at least constructive notice of the dangerous condition of the ramp. See Deykina v. Chattin, No. 12-CV-2678 (ARR)(CLP), 2014 WL 4628692 at *8 (E.D.N.Y. Sept. 15, 2014)("Even if defendant lacked actual notice of a structural defect . . . plaintiff could still recover if a jury concluded that defendant should have known about the defect.").

"'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" Deykina v. Chattin, 2014 WL 4628692 at *8. Because Defendant supplied and installed the ramp, Defendant knew about the ramp, the disconnected nature of the ramp, the fact that one side of the ramp was placed on hard flooring on an outdoor deck, and that the ramp was intended to be used by a handicapped individual in a wheelchair or motorized scooter. The alleged defects of the ramp and the ramp's placement were all "visible and apparent" to Defendant and existed for a long enough period of time for Defendant to know about them

---

[5] "Under maritime law, . . . a defendant is generally not liable for negligence unless it had actual or constructive notice of the particular hazard that led to the injury." Mansoor v. ZAANDAM M/V, 274 F. App'x 553, at *1 (9th Cir. 2008).

and do something to mitigate the risk.  See Deykina, 2014 WL 4628692 at *8-*9 ("Here, there can be no question that an alleged structural defect in the stairs existed for a sufficient length of time prior to the accident . . . ."); See Eidem v. Target Corp., 2011 WL 3756144 (C.D. Cal. Aug. 24, 2011) (noting that evidence of "notice" is required to ensure that defendant had "notice of the defect in sufficient time to correct [the defect]").

As such, Plaintiff's admissible evidence establishes a triable issue of fact as to whether Defendant was on at least constructive notice of the allegedly dangerous condition created by the ramp and the ramp's placement.  See, e.g., Deykina, 2014 WL 4628692 at *8 (noting that when a plaintiff alleges a "readily obvious structural defect," summary judgment for the defendant is improper even if actual notice is not established); Smith v. N.Y. Enter. Am., Inc., No. 06 Civ. 3082(PKL), 2008 WL 2810182, at *6 (S.D.N.Y. July 21, 2008) ("'[I]t is a matter of simple logic whether [a certain fact scenario] may create a hazardous and unsafe condition and that determination should be for the finder of fact . . . .'").

In light of the above analysis, the Court finds that Plaintiff's admissible evidence establishes a genuine issue of material fact as to whether Defendant

1 breached a duty of reasonable care owed to Plaintiff.[6]
2 See Spry v. Carnival Cruise Lines, 951 F.2d 362 (9th
3 Cir. 1991) (affirming a finding of constructive notice
4 based upon a finding that there was a condition on the
5 ship that was unsafe because the condition "could
6 prevent a person from stepping on a secure, non-slip
7 surface" and because the "condition existed for a
8 sufficient time prior to plaintiff's fall" to charge
9 defendant with constructive notice of the unsafe
10 condition).

    c.  *Proximate Cause*

"Causation in fact is one necessary element of proximate cause." USAir Inc. v. U.S. Dep't of Navy, 14 F.3d 1410, 1412-13 (9th Cir. 1994). Here, Plaintiff's admissible evidence creates a genuine issue of material fact as to whether Defendant's alleged negligence was the cause-in-fact of Plaintiff's injury.

---

[6] Defendant argues that because Princess "simply placed the ramp (which the shipyard had provided) on the intended balcony floor surface (which the shipyard also provided)," Princess cannot be liable for breach of a duty of reasonable care. Def.'s Reply 6:20-28. Such logic is unsound; just because another entity built the product does not mean the party supplying the product is immune from negligence liability. For example, if the Supplier knew or should have known that the product had some characteristic that made it unsafe, and yet provided the product to the User without taking reasonable care to ensure the User's safety, the Supplier can certainly be liable for negligence, even if the Supplier did not build the product at issue. See, e.g., Spry v. Carnival Cruise Lines, 951 F.2d 362 (9th Cir. 1991) (affirming negligence liability based upon an unsafe condition in the design of the stairs of a cruise ship based upon the defendant's constructive notice of the unsafe condition and failure to take reasonable precautions to keep passengers safe).

Plaintiff's admissible evidence supports a finding that because the balcony-side portion of the ramp was not connected to anything and was placed on a hard flooring with insufficient friction, the ramp pulled apart during Plaintiff's foreseeable use of the ramp, which caused Plaintiff to lose her balance, reach for help, and fall to her injury. See Poczynock Decl.; Debra Cox Decl. In other words, "but for" Defendant's alleged negligence, Plaintiff's injury would not have occurred. See USAir Inc., 14 F.3d at 1412-13 (stating that "causation in fact asks whether negligent conduct was necessary antecedent to the injury without which the injury would not have occurred).

"The 'larger, more abstract question'" is whether Defendant's alleged negligence was a proximate cause of Plaintiff's injuries, "that is, whether [the Defendant] should be held liable for negligently causing [the Plaintiff's] injuries." Id. at 1413. Proximate cause includes the rule that an *unforeseeable*, intervening cause (i.e., a "superseding cause") of a plaintiff's injury cuts off the defendant's liability for that injury, even if the defendant's actions were the cause-in-fact of the plaintiff's injury. Id. ("A superseding cause must be something more than a subsequent act in a chain of causation; it must be an act that was not reasonably foreseeable at the time of the defendant's negligent conduct.").

Here, Defendant argues that Plaintiff's shifting of

13

her weight and reaching for something to steady herself was a superseding cause that cut off Defendant's liability. Def.'s Reply 10:1-7. However, Plaintiff's admissible evidence creates a genuine issue of material fast as to whether Plaintiff's movement was a foreseeable act in the chain of causation. If Plaintiff's actions were foreseeable, Defendant's negligence would be the proximate cause of Plaintiff's injury. See USAir Inc., 14 F.3d at 1413.

   d. *Injury*

Plaintiff alleges physical injury, and Defendant does not dispute the fact that Plaintiff was injured. See FAC ¶ 10.

Because Plaintiff's admissible evidence creates a genuine issue of material fact for each element of negligence, Defendant's Motion for Summary Judgment as to Plaintiff's negligence claim is **DENIED**.

   2.   Strict Liability Claim

Under strict liability, "fault lies in the placing of a defective product in the stream of commerce" that, when "used in a reasonably foreseeable way" injures the plaintiff. Emerson G.M. Diesel, Inc. v. Alaskan Enters., 732 F.2d 1468, 1473 (9th Cir. 1984). The Ninth Circuit uses the standard articulated in Section 402-A of the Restatement (Second) of Torts as the applicable expression of strict product liability for admiralty cases. Pan-Alaska Fisheries, Inc. v. Marine Const. & Design Co., 565 F.2d 1129, 1134 (9th Cir.

14

1977). Section 402-A states the following:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
>> (a) the seller is engaged in the business of selling such a product, and
>>
>> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
>> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>>
>> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) Torts § 402-A; Pan-Alaska Fisheries, 565 F.2d at 1135.

Comment "f" to Section 402-A explains that liability "applies to any person engaged in the business of selling products for use or consumption" and is not limited to sellers "engaged solely in the business of selling such products," but, rather, the defendant must simply be "engaged in [selling the

15

product] as a part of his business," giving the example of a movie theater that regularly sells candy. Restatement (Second) Torts § 402-A, cmt. f; <u>Pan-Alaska Fisheries</u>, 565 F.2d at 1135.

Defendant argues that as a matter of law, Defendant is not liable for strict product liability because Defendant did not and does not "sell" the allegedly defective ramp. Defendant also argues that because the transaction between Plaintiff and Defendant was primarily for a service, not a product, Defendant is excluded from liability for Plaintiff's claim. Plaintiff rebuts by arguing that because Defendant designed the ramp, Defendant should be liable.

Upon review of Plaintiff's admissible evidence, and specifically the Tuck Declaration, the Court finds that Plaintiff does not supply any evidence showing that Defendant designed the *ramp itself*, including any aspect of the ramp that is alleged to have been dangerous. The Tuck Declaration does support a finding that Princess directed the shipbuilder as to certain aspects of the ship design, including characteristics of the portable ramps, such as the slope of the ramps,[7] but there is no evidence that Princess designed the actual ramp itself.[8] Additionally, Plaintiff does not allege that Defendant sold the ramp to her but admits

---

[7] <u>See</u> Tuck Dep. 49:19-70:17.

[8] For instance, there is no evidence Princess chose to use two unconnected wedge pieces as the ramp.

16

that Defendant merely provided the ramp to her for her use while a passenger on the cruise ship.

Because Defendant is not a "person engaged in the business of selling [the ramp at issue] for use or consumption,"[9] Defendant is not subject to Plaintiff's strict product liability claim as a matter of law. See Pan-Alaska Fisheries, 565 F.2d at 1135. The Court therefore **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's strict liability claim.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendant's Motion for Summary Judgment [86].

///
///
///
///

---

[9] Regarding whether the transaction between Defendant and Plaintiff was for primarily a service, a reasonable jury could only conclude from the facts that the transaction between Defendant and Plaintiff was for a service, and not for the ramp as a product, as Plaintiff did not purchase the ramp from Defendant but, rather, Defendant supplied the ramp to Plaintiff as incidental to the cruise ship services. See In re Dow Corning Corp., 220 F. App'x 457, 2007 WL 186303 at *1 (9th Cir. 2007) (stating that strict liability is not extended to "transactions whose primary objective is obtaining services" and "where the transaction's service aspect predominates and any product sale is merely incidental to the provision of the service" (internal quotation marks omitted)); Haynes v. Nat'l R.R. Passenger Corp., 423 F. Supp. 2d 1073, 1085 (C.D. Cal. 2006) ("The defendant did not just provide the decedent with a seat to use, rather, it provided the decedent with transportation services from Chicago to Los Angeles, and the use of the seats was incidental to those services.").

1 | The Court **DENIES** Defendant's Motion for Summary Judgment with regard to Plaintiff's negligence claim.

The Court **GRANTS** Defendant's Motion for Summary Judgment with regard to Plaintiff's strict liability claim.

**IT IS SO ORDERED.**

DATED: August 25, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

18